```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: March 16, 2021

JOHN L. HAYWARD,

                              Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

```
-----------------------------------------------------------------X
```

1:18-CV-10402 (SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

        Plaintiff, John L. Hayward, proceeding *pro se*, challenges the decision of the Commissioner of Social Security (the "Commissioner") that he was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). See 42. U.S.C. § 405(g). The Commissioner moved for judgment on the pleadings. For the reasons stated below, the Commissioner's motion is GRANTED.

**BACKGROUND**

**I.    Administrative History**

        Hayward applied for SSI on July 26, 2016, alleging that he was disabled under the Act. Administrative Record ("R.") at 67–75. The Social Security Administration ("SSA") denied his claim on September 2, 2016. R. 57–60. His denial explained that although Hayward alleged disability due to human immunodeficiency virus ("HIV") and depression, the evidence did not show that his conditions prevented him from working. R. 60. The only available evidence of medical treatment was a report from the Bronx Lebanon Hospital Center, dated July 21, 2016. Id.

On October 13, 2016, Hayward requested a hearing before an Administrative Law Judge ("ALJ"). R. 39–41. On February 21, 2018, the SSA mailed Hayward a notice to his last known address, 2284 Grand Avenue, Apt. 2H, Bronx, NY 10468, informing him of the date, time and location of his hearing, which was scheduled for June 11, 2018. R. 17–33.

The notice provided Hayward with several instructions related to his hearing. First, it asked that he return an enclosed acknowledgment form and advised that if he was unable to attend the hearing, he should call the Office of Disability Adjudication and Review immediately. R. 18, 26. Next, if he wanted to change the time or place of the hearing, he should send a written request before the hearing. R. 18. If delayed in making the request, the ALJ could reschedule the hearing if there was a good reason for the delay. Id. The notice also provided that the ALJ could dismiss Hayward's request for a hearing without further notice if he missed his scheduled hearing and failed to show good cause for the absence. R. 17. Finally, the notice stated that the SSA would assume Hayward received the notice of hearing within five days after the date it was sent, unless he showed otherwise. R. 18.

Two weeks before his hearing, the SSA mailed a hearing reminder to Hayward's same address, again asking him to return the acknowledgment form and informing him that failing to appear without providing a good reason would result in the dismissal of his request for a hearing without further notice. R. 16. Despite these notices, Hayward did not appear at his hearing. R. 6.

On June 20, 2018, the ALJ issued an order of dismissal, citing Hayward's failure to appear or provide good cause for his absence. R. 3–7. The ALJ considered the physical, mental, educational, and linguistic limitations that Hayward may have and found that the factors did not excuse Hayward's failure to appear. R. 6–7; see 20 C.F.R. § 416.1457(b)(2). The ALJ explained that the SSA had sent the hearing notice and reminder, along with the procedures for

rescheduling, including the consequences for failing to appear without good cause. R. 6. Finally, it explained that when Hayward had not returned the acknowledgment form, the SSA attempted to reach him by phone, and that a search of the customer database indicated that all the correspondence had been sent to his last known address. R. 6, 62–66. The SSA mailed a copy of the dismissal order to Hayward at the same address.

On July 3, 2018, Hayward acknowledged receipt of the dismissal and requested review by the Appeals Council. R. 15. On July 17, 2018, the Appeals Council mailed Hayward a letter to his same address, noting his request and informing him that he was required to show good cause for his failure to appear. R. 13–14. For example, the Appeals Council explained that if Hayward had been hospitalized, he could include a statement or other records verifying the dates of hospitalization. R. 13. Hayward had 30 days to respond with his explanation for failing to appear at his scheduled hearing and all supporting documentation. R. 13–14.

On July 23, 2018, Hayward responded to the Appeals Council by letter, stating, "I never received an appearance date or any notification of a date, time or place to appear. I was completely unaware that an appearance date had ever been established," without any supporting evidence. R. 11–12. On September 12, 2018, the Appeals Council mailed him a notice stating that it had considered his statement but found that he had not provided a good cause basis to overcome the ALJ's dismissal. R. 1–2. Accordingly, his request for review was denied. Id.

II.     **Hayward's Civil Case**

   A. **Initial Proceedings in this Court**

Hayward filed the Complaint on November 8, 2018. ECF No. 2. The address Hayward listed—2284 Grand Avenue, Apt. 2H, Bronx, New York 10468— is the same address to which the Commissioner sent the notice of hearing, reminder, and dismissal. Id. On March 20, 2019,

3

the Commissioner filed a motion to dismiss on the basis that the Court lacked subject matter jurisdiction because Hayward had not obtained a "final decision of the Commissioner of Social Security made after a hearing," as required by 42 U.S.C. § 405(g). ECF Nos. 12–15. On May 17, 2019, Hayward responded, requesting that the agency reconsider his case and explaining that he had not previously attended his hearing "due to the nature of [his] medical conditions." ECF No. 18. On May 31, 2019, the Commissioner filed a reply letter, arguing that Hayward still had not shown good cause for failing to appear at his hearing, and that he had not presented a colorable constitutional claim. ECF No. 20.

### B. Intervening Supreme Court Decision in Smith v. Berryhill

On May 28, 2019, the Supreme Court decided Smith v. Berryhill, 139 S. Ct. 1765 (2019). That case addressed whether an Appeals Council dismissal on timeliness grounds, after a claimant had a hearing before an ALJ, is "a final decision . . . made after a hearing" for purposes of allowing judicial review. The Court held that it was: "where the SSA's Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a 'final decision . . . made after a hearing' within the meaning of 405(g)." Id. at 1780. Relevant here, the Court acknowledged that a "different question would be presented by a claimant who assertedly faltered at an earlier step . . . [and] would not have received a 'hearing' at all," such as a claimant "whose request for an ALJ hearing was dismissed as untimely and who then appealed that determination to the Appeals Council before seeking judicial review." Id. at 1777 n.17. Although observing that "a hearing is not always required" and that "and ALJ hearing is not an ironclad prerequisite for judicial review," the Court declined to address whether there would be a "final decision" for purposes of judicial review where no hearing was conducted. Id. at 1774, 1777 n.17.

In so ruling, the Supreme Court recognized that § 405(g) contained two elements: "first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" Id. at 1773 (citing Mathews v. Eldridge, 424 U.S. 319, 328 (1976)). It noted that the exhaustion requirement could be waived by the agency or excused by the courts. Id. at 1773–74. The Smith facts concerned this second requirement.

### C. Subsequent Proceedings in this Court

On March 6, 2020, the Commissioner requested leave to withdraw his motion to dismiss for lack of jurisdiction. See ECF No. 23. Following Smith, the Commissioner determined that he would exercise his discretion to waive agency exhaustion. Instead of asserting that the Court lacked jurisdiction, the Commissioner sought leave to move to dismiss the action on the grounds that the final decision was supported by substantial evidence and not an abuse of discretion. The Court granted the Commissioner's request, and he filed his motion on April 20, 2020. See ECF No. 26.

On June 18, 2020, Hayward requested an extension of time to respond to the Commissioner's motion, indicating that he was seeking the assistance of the New York Legal Assistance Group's Clinic and attempting to procure *pro bono* counsel. See ECF No. 29. The Court granted this and several subsequent extensions, and he submitted his opposition to the Commissioner's motion on February 16, 2021. See ECF No. 39. In his brief, Hayward raised for the first time both that he had "ongoing problems" receiving mail, including that his "mailbox was damaged and mailbox was left ajar," and that he was the victim of an assault during a 2011 home robbery, at which he was shot as close range in the abdomen, resulting in the removal of 12 inches of his intestines. Id. at 1–2. He claimed his injuries left him bedridden; that he was

unable to walk properly; that he required assistance from a home health aide to bathe, dress, and perform other basic activities of daily life; and that he had been diagnosed with PTSD. Id.

## DISCUSSION

### I. Standard of Review

A motion for judgment on the pleadings should be granted if it is clear from the pleadings that "the moving party is entitled to judgment as a matter of law." Burns Int'l Sec. Servs., Inc. v. Int'l Union, 47 F.3d 14, 16 (2d Cir. 1995). In addition, *pro se* litigants "are entitled to a liberal construction of their pleadings, [and] should be read to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation and quotation omitted).

#### A. Standard for Reviewing the Commissioner's Procedural Dismissal

Recently, the Supreme Court made clear that "in an ordinary case [dismissed by the SSA on procedural grounds], a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." Smith, 139 S. Ct. at 1780. Such decisions should be reviewed for "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" Id. at 1779 n.19 (citing, in part, 42 U.S.C. § 405(g); Bowen v. City of New York, 476 U.S. 467, 483 (1986) ("Ordinarily, the Secretary has discretion to decide when to waive the exhaustion requirement.")). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Accordingly, if substantial evidence supports the Commissioner's determination that a claimant did not timely request review, a court will review

the agency's "good cause" determination for abuse of discretion. See <u>Bowen v. City of New York,</u> 476 U.S. 467, 483 (1986).

### B. The SSA's Four-Step Administrative Appeals Process

Under the SSA regulations, a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. See 20 C.F.R. § 416.1400(a). First, the agency determines the claimant's eligibility; second, a claimant may request reconsideration of the initial determination; third, a claimant may request a hearing before an ALJ; and fourth, a claimant may request that the Appeals Council review the ALJ's decision. See 20 C.F.R. § 416.1400. If the SSA's findings at any step are fully favorable, there is no need for the claimant to proceed further. See <u>Smith</u>, 139 S. Ct. at 1772 n.5. In testing modifications to its procedures, the SSA has allowed some claimants—including Hayward—to proceed directly from the initial determination of eligibility (step one), to a request for a hearing before an ALJ (step three). See 20 C.F.R. § 416.1406(b)(4); R. 39–41, 57–60.

If a claimant fails to appear at her hearing at step three, and the ALJ has not found good cause for her absence, the ALJ may dismiss the request for a hearing. See 20 C.F.R. § 416.1457(b)(1)(i). In determining good cause, the ALJ must consider any physical, mental, educational, or linguistic limitations that a claimant might have. 20 C.F.R. § 416.1457(b)(2). In making the determination, however, an ALJ is not required to develop the record if the claimant did not return the acknowledgment form. See Hearings, Appeals, and Litigation Law Manual ("HALLEX") §§ I-2-4-5 ("Dismissing a Request for Hearing"), 1-2-4-25 ("Dismissal Due to Claimant's Failure to Appear").[1]

---

[1] *HALLEX*, S.S.A., available at https://www.ssa.gov/OP_Home/hallex/.

At the final step, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner (as happened here) or grant review and issue its own independent decision. See 20 C.F.R. § 416.1481. Following an unfavorable final decision by the Commissioner, a claimant may seek judicial review by filing an action in federal district court within 60 days after receiving notice of the Appeals Council's action. Id.; see also 20 C.F.R. § 422.210.

## II.     Application

To begin, the Court finds (and substantial evidence in the record reflects) that the Commissioner complied with his obligations to provide Hayward with proper notice of the time, date, and procedures for rescheduling his hearing to his last known address; with a follow-up notice and warning that failure to appear may result in dismissal; by attempting to contact him by alternate means; and by providing a well-supported notice of dismissal that articulated the reasoning for the dismissal. See R. 3–7, 17–33, 62–66. In addition, Hayward does not contest, and substantial evidence shows, that he did not provide any justification to the ALJ for missing his hearing, much less good cause. Accordingly, the limited question before the Court is whether the Commissioner abused his discretion in finding that Hayward did not show good cause for missing his hearing in his letter to the Appeals Council, which stated simply that he "never received an appearance date or any notification of a date, time or place to appear." R. 11, 15.

Other courts in this district have found that a claimant's bare assertion that he did not receive notice, unsupported by other facts or evidence, does not excuse his failure to appear at his hearing. For example, in Guerra v. Comm'r of Soc. Sec., the claimant conceded that she failed to appear at her hearing before the ALJ but claimed "that she did not receive notice of the hearing." No. 12-cv-06750 (CS) (PED), 2013 WL 3481284, at *3 (S.D.N.Y. July 1, 2013).

There, the Commissioner presented substantial evidence that the initial hearing notice and follow-up reminder were mailed to claimant's correct listed address and the claimant acknowledged receipt of the dismissal notice at that same address and continued to reside there at the time of the civil action. Id. That court found that the claimant's unsupported assertion, along with the inconsistencies in her apparent ability to receive mail did not excuse her absence. Id.; see also Guinyard v. Apfel, No. 99-cv-04242 (MBM), 2000 WL 297165, at *3 (S.D.N.Y. Mar. 22, 2000) (dismissing a *pro se* action as untimely despite the plaintiff's "bare assertion" that she received the Appeals Council's notice two months late and that the envelope had been "ripped and taped all over"); Marte v. Apfel, No. 96-cv-09024 (LAP), 1998 WL 292358, at *1–3 (S.D.N.Y. Jun. 3, 1998) (requiring "affirmative evidence" in support of the plaintiff's claim of not having received notice).

In his opposing brief, Hayward argues for the first time that he never received notice of his hearing because of "ongoing problems with my mail," including a damaged mailbox. ECF No. 39 at 2. Despite his assertions to the contrary, Hayward did not present this argument—or any supporting evidence—to the Appeals Council. To the extent he requests that the Court consider new evidence, he has not shown good cause for failing to raise it before the SSA in the first instance. See 42 U.S.C. § 405(g); Tirado v. Bowen, 842 F.2d 596–97 (2d Cir. 1988) (noting that a court may order the Commissioner to consider additional evidence if it is new, material, and there is good cause for failing to present it earlier).

Finally, interpreting Hayward's *pro se* submission to make its strongest arguments, the Court infers a new claim that he was unable to attend his hearing due to physical and medical

issues resulting from a gunshot wound to the abdomen that he sustained in 2011.[2] See ECF No. 39 at 1–2. The Court disagrees with the Commissioner's contention that this information could not have been material to the Appeals Council's good cause determination for failing to appear at his hearing. Hayward does not explain, however, why he did not raise these injuries and apparent limitations before the Appeals Council in the first instance—his injuries were not new, and he provided a completely different reason for missing his hearing in his letter, undermining his argument. See Tirado, 842 F.2d at 596–97.

Accordingly, the Court finds that the Commissioner's factual determinations were supported by substantial evidence, and the conclusion that Hayward failed to show good cause for his absence at his hearing was not an abuse of discretion. Furthermore, Hayward has failed to demonstrate that his additional reasons for his absence were based upon new facts not available at the time of his letter to the Appeals Council, and he did not show good cause for raising them for the first time before the Court.

## CONCLUSION

The Commissioner's motion is GRANTED (ECF No. 26) and the case is DISMISSED.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: March 16, 2021
       New York, New York

---

[2] Hayward did not raise these impairments before the SSA, for which he claimed disability due to HIV and depression. R. 60.