```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/02/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN L. HAYWARD,

                        Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

18-CV-10402 (SN)

ORDER

SARAH NETBURN, United States Magistrate Judge:

      On March 16, 2021, the Court issued an order granting the Commissioner's motion for judgment on the pleadings. (ECF 42.) Judgment was entered on March 17, 2021, and the Clerk's Office mailed a copy of the order and judgment to Plaintiff on the same day. (ECF 43.) More than one year later, on May 27, 2022, the Court received a letter from Plaintiff requesting "an appeal and/or an extension to [his] current case," for the following reasons:

> Due to Covid-19, close unexpected death of family members, as my over all health has declined significantly. The approval of my case is truly detrimental. I am requesting an appeal on my SSI case. I've been filing since 2011 til now at the best of my ability, without the service of any aide. All correspondence has been documented and verified by the SSI office. I have previously Fulfilled all requirements asked of me as well as sent in all supporting documentation for my case.

(ECF 44.)[1]

      The Court construes Plaintiff's letter as a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. For the reasons discussed below, the Court denies the motion.

---

[1] All spelling and punctuation in the quoted material is from the original.

## DISCUSSION

Under Rule 4(a)(1)(B)(ii) of the Federal Rules of Appellate Procedure, when at least one of the parties in a civil action is a federal agency, a notice of appeal in that action must be filed within sixty days after entry of the judgment or order appealed from. A district court may grant a limited extension of time to file a notice of appeal if: (1) a party moves for the extension no later than thirty days after the time prescribed by Rule 4(a) expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

Because one of the parties in this action is the Social Security Administration, a federal agency, Plaintiff had until May 17, 2021,[2] to file a timely notice of appeal, and he had until June 16, 2021, to file a motion for an extension of time to appeal. *See* Fed. R. App. P. 4(a)(1)(B)(ii). Here, Plaintiff filed his letter seeking an extension of time to appeal on May 27, 2022, more than one year after judgment was entered on March 17, 2021. Because Plaintiff's motion was not filed within 90 days after the entry of judgment, the Court does not have authority under Rule 4(a)(1)(A) to extend the time to appeal. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that district court had no authority to consider *pro se* motion under Fed. R. App. P. 4(a)(5) filed over 30 days after expiration of initial appeal period). Accordingly, the Court must deny Plaintiff's Rule 4(a)(5) motion.[3]

---

[2] Because the last day of this sixty-day period falls on Sunday, May 16, 2021, the period is extended to the next Court business day, Monday, May 17, 2021. *See* Fed. R. App. P. 26(a)(1)(C).

[3] Plaintiff may submit a new application for benefits with the Social Security Administration if his health status has changed.

## CONCLUSION

For the reasons set forth in this order, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated:   June 2, 2022
         New York, New York

3